IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 24, 2002 Session

## STATE OF TENNESSEE v. JAMES ALLEN BAILEY

**Appeal from the Circuit Court for Cocke County**
**No. 8394-8399      Ben W. Hooper, II, Judge**

**No. E2001-02443-CCA-R3-CD**
**August 28, 2002**

DAVID H. WELLES, J., dissenting.

### DISSENTING OPINION

Based on my de novo review of the record in this case, I am unable to agree that the imposition of consecutive sentences is warranted. Therefore I respectfully dissent from that portion of the opinion which concludes that two of the Defendant's sentences should be served consecutively.

The presentence report reflects that at the time of sentencing the Defendant was thirty-two years old and unmarried. His formal education ended in the eighth grade and he has no specialized training. His mental capacity is limited. He is physically disabled and apparently has been disabled all of his life. Because of his disability, he has never maintained regular employment. He receives an SSI disability check each month.

The Defendant has no prior convictions and apparently has no prior arrests. The Defendant reported that he spent some time in jail when a juvenile as a result of theft charges, but the presentence report does not verify this information.

I agree that a sentencing court may consider the offenses for which a defendant is being sentenced in determining whether the Defendant is an offender who has an extensive record of criminal activity. The record in this case does not establish that the Defendant had any record of criminal activity prior to the arson offenses for which he was sentenced herein. The question thus becomes whether the Defendant's seven convictions, for crimes committed within an approximate eleven-month period, are sufficient to establish a "record of criminal activity" which is extensive. I agree that seven felonies committed within an eleven-month period is sufficient to establish an extensive record of criminal activity, although perhaps marginally so.

Even though the Defendant qualifies for consecutive sentencing, whether to order the sentences to be served consecutively lies within the discretion of the sentencing court. Our legislature has acknowledged that the State's resources for building and maintaining prisons are limited. See Tenn. Code Ann. § 40-35-102(5). Our legislature has thus recognized that consecutive sentences are generally warranted for three types of offenders: (1) offenders who are dangerous to other individuals, (2) sexual offenders who prey upon children and (3) offenders who make their living through crime or have substantial criminal records.

In determining an appropriate sentence, our legislature has directed that "the sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4). In this case, the Defendant has not heretofore been convicted of a crime. Although serious, I note that the crimes for which he is being sentenced are such that he is by law presumed to be eligible for an alternative sentence, in view of his status of a standard offender. Tenn. Code Ann. § 40-35-102(6).

As pointed out by Judge Riley, our review is de novo without a presumption of correctness. Based upon my review of the entire record in this case, I would order that the Defendant's sentences be served concurrently.

_____

DAVID H. WELLES, JUDGE